THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HILDA P. ECONOPOULY, Appellant.

Third Department, January 6, 1926.

Taxation — mortgage tax — instrument provided for lease of personal property and sublease of real property and that on payment of additional rent lessor would, on demand, execute bill of sale and assignment of parent lease and right of renewal — said instrument is option and not executory contract for sale of real property constituting mortgage within Tax Law, § 250 — said instrument not taxable under Tax Law, art. 11.

An instrument leasing personal property and subleasing real property with additional rent payable in installments, which provides that on payment of the additional rent the lessor will, on demand, execute a bill of sale of the personal property and an assignment of the parent lease and right of renewal thereof, does not constitute an executory contract for the sale of real property and, therefore, a mortgage within the meaning of section 250 of the Tax Law, so as to be subject to a mortgage tax under article 11 of said law; but is merely a sublease of real property and a lease of the personal property with an option to the sublessee to acquire the parent lease.

APPEAL by the defendant, Hilda P. Econopouly, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 23d day of May, 1925, denying defendant's motion made under rule 106 of the Rules of Civil Practice for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The action was brought by the Attorney-General of the State of New York to enforce the payment of a mortgage tax as provided by section 266 of the Tax Law (added by Laws of 1909, chap. 412, § 2, as amd. by Laws of 1916, chap. 323, § 75). The instrument sought to be taxed was executed on or about September 1, 1920, by the defendant and one Charles S. Martino and was recorded in the county of Kings on September 2, 1920. No payment has been made thereon of the tax imposed upon mortgages by article 11

of the Tax Law. The plaintiff demands judgment that the instrument be adjudged to be in fact a mortgage within the purview of article 11 of the Tax Law and subject to the mortgage tax imposed thereby and that the plaintiff be paid the amount due on account of said tax. A copy of the agreement is annexed to the complaint.

The circumstances surrounding the execution of the agreement, as disclosed by the instrument itself, are as follows: The appellant was the lessee, from certain persons named Lappos and Theophilos, of certain real property described in the agreement. She was also the owner of the personal property upon those premises used in a business which she had conducted thereon. Charles S. Martino wished to acquire a sublease of the demised premises and the use of the personal property. The lease from Lappos and Theophilos to appellant was for a term of ten years with a renewal privilege for fourteen years upon certain conditions. The rent prescribed in the lease was $18,000 per year.

The defendant and Martino, on September 1, 1920, entered into an agreement in writing, denominated therein as a " sublease " and which is the instrument sought to be taxed as a mortgage. By its terms the parties agreed:

(1) That appellant sublet the real property to Martino for a term less, by one day, than that of the lease from Lappos and Theophilos to her and that appellant lease the personal property to him for the like term.

(2) That Martino pay " a rent for said premises and personal property for said term * * * of eighty-five thousand dollars ($85,000) in excess of and in addition to said rental reserved in said lease to the first party [appellant] and thereby required to be paid and in addition also to the payment by the second party [Martino] of all sums and the performance of all terms, provisions and conditions required, in and by said lease to the first party to be paid and performed by her."

(3) That $82,000 of the additional rent, instead of being paid in advance, should be paid in installments, the last of which should not become due until approximately three and a half years before the expiration of the term of the original lease; and that interest thereon should be paid from the beginning of the sublease. The last installment was due July 15, 1926. The term of the sublease expired on December 30, 1929.

(4) " That when said eighty-five thousand dollars ($85,000) shall have been fully paid, if the second party shall then be not in default in the performance or observance of or compliance with any of the terms, conditions, covenants or provisions of this agreement, the first party [appellant] will, then or at any time thereafter, *upon*

*demand*, execute and deliver to the second party [Martino] a good and sufficient *bill of sale* of said *personal property* and all the first party's right, title and interest of, in and to any property legally removable, *and will also*, if the second party's said performance, observance and compliance shall have been strict and prompt but not otherwise, *and demand shall be made within the time specified in subdivision (c) of paragraph ' second ' hereof*, execute and deliver to the second party, *upon the latter's demand* an *assignment* of said *lease* from said George Lappos and John Theophilos to the first party and of the remainder then yet to come and unexpired of the term therein and of the right to the renewal thereof, upon the second party's continuing responsible to the first party for the full compliance with said prior lease, notwithstanding such assignment." (Subd. " (c) " of paragraph " first.")

(5) That Martino should not assign the sublease or sublet the premises without appellant's written consent, until the whole of the $85,000 shall be paid.

(6) Subdivision " (c) " of paragraph " Second: " " That *if the second party [Martino] shall desire* and shall be entitled, in accordance with the provisions contained in subdivision (c) of paragraph ' First ' hereof, to obtain an *assignment* of the first party's said *lease* from said George Lappos and John Theophilos and of the remainder then yet to come and unexpired of the term therein and of the right to a renewal of said last mentioned lease upon the terms and conditions therein specified, he (said second party) shall give written notice to the first party of such *desire* at least ten months prior to the expiration of the term hereby, in this present lease, demised; " and that in the event of Martino's nonperformance of the terms of his lease and (or) failure of Martino to give such notice of his *desire* to obtain an *assignment*, appellant should be at liberty to take the renewal of the parent lease free of any trust in Martino's favor.

*McKennell & Appell* [*Thomas A. McKennell* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*Henry S. Manley, Deputy Attorney-General*, of counsel], for the respondent.

Hinman, J. Upon the facts set up in the complaint above stated the issues of law presented by this appeal are:

(1) Is the instrument in question an executory contract for the sale of real property and, therefore, a mortgage as defined in section 250 of the Tax Law?

(2) If it be a mortgage, is appellant, who is not alleged to have caused it to be recorded or to have consented to that being done, liable, or her interest under the agreement subject to sale, for the payment of the mortgage tax?

It is the respondent's contention as to the first proposition that the instrument is an " executory [contract] for the sale of real property under which the vendee has or is entitled to possession " (Tax Law, § 250, as amd. by Laws of 1916, chap. 323) and, therefore, is taxable as a mortgage. By the same section 250, " real property," as used in article 11 of the Tax Law, is defined as including " every thing a conveyance or mortgage of which can be recorded as a conveyance or mortgage of real property under the laws of the State." Real property includes a lease for a term exceeding three years and it may be recorded as a conveyance of real property. (Real Prop. Law, §§ 290, 291.) The court below has held that the instrument in question contains an agreement to assign and sell the lease of the defendant at a future time upon the payment of a certain sum of money and is an " executory contract for the sale of real property," the lease being for a term exceeding three years.

The contention of the appellant as to this first proposition is that the instrument is nothing but a sublease of real property and a lease of the personal property with an option to the sublessee to acquire the parent lease; that it is not an " executory contract for the sale of real property " because, as to the sale of the parent lease, it is not a " contract " at all, but merely an option, there being contained in it no agreement by the sublessee (Martino) to purchase or take an assignment of the parent lease with its renewal privilege; that the $85,000 is clearly what it is designated as being, viz., additional rent which appellant required should be paid in advance but which, because of Martino's inability to pay it all in advance, she obtained, to the amount of $3,000 in advance and the balance ($82,000) in installments with interest from the beginning of the term.

The language of the instrument bears out the contention of the appellant. Throughout the contract, which is designated therein as a sublease, the $85,000 is designated as " additional rent." No ulterior purpose is suggested. Considering the length of term and the regular rent reserved of $18,000 a year, together with taxes, insurance and other payments required, the sum of $85,000 was not a proportionately large amount to be exacted as additional rent and the appellant had the right to require that it be paid in advance or the equivalent. The transaction also included the leasing of personal property the value of which is not shown in

the record. Appellant's protection required that she retain control of the property as landlord until the additional rent was paid and until the obligations of the lease were performed for such a substantial portion of the lease that she could rely upon complete performance for the balance of the term by Martino to protect his then heavy investment. If Martino failed to exercise his option in the time allowed, namely, ten months before the expiration of the demised term, she would have the right, if she so elected, to take the fourteen years' renewal in her own name, free from any claims on his part. It would seem that the intention of the appellant as reflected in the instrument was clearly to grant a sublease with an option to acquire the parent lease.

It is equally clear that it was not the intention of the parties to make an executory contract of sale of the lease. There was no covenant by Martino to take an assignment of the lease so as to make it a contract to assign. At most appellant agreed to assign the parent lease if Martino demanded it and Martino covenanted that if he *desired* to obtain an assignment and was otherwise entitled to do so he would give notice of such *desire*. The assignment would be of slight value to him except in so far as it would entitle him to the renewal privilege for fourteen years upon certain conditions set up in the parent lease. It is conceivable that he might not, after experience under the sublease, wish to have the lease renewed. It is evident from the language used in his covenants that all Martino desired was an option to purchase the parent lease, of which he might or might not avail himself when the time for his election arrived.

The term " executory contracts for the sale of real property " as used in section 250 of the Tax Law does not relate to a mere option. In Thompson on Real Property (Vol. 5, § 4287-g), options are defined and distinguished as follows: " An option is not an actual or existing contract, but merely a right reserved in subsisting agreement. It is a continuing offer of a contract, and if the offeree decides to exercise his right to demand the conveyance, he must signify that fact to the offerer. The option is not a sale. It is not even an agreement for a sale. At best, it is but a right of election in the party securing the same to exercise a privilege, and only when that privilege has been exercised by acceptance does it become a contract to sell. It is a continuing offer to sell which may or may not, within the time specified at the election of the optionee, be accepted. The owner parts with the right to sell to another for such time and gives to the optionee the exclusive privilege to buy on the terms set forth in the option. A contract of sale imposes upon the vendee an obligation to buy. An option

confers a privilege or right to elect to buy, but it does not impose any obligation to buy." This is the commonly accepted distinction between an option and an executory contract for the sale of real property and since the instrument in question before us did not impose any obligation upon Martino to take an assignment of the parent lease, the instrument was not an executory contract for the sale of the lease and was not taxable under section 250 of the Tax Law. Having resolved the main issue in favor of the appellant, there is no occasion to pass upon the secondary issue presented upon the appeal.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint should be granted, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.